## STAFFORD CO. v. COLDWELL–GILDARD CO. et al.

(Circuit Court of Appeals, First Circuit. May 1, 1914. Rehearing Denied June 10, 1914.)

No. 1039.

PATENTS (§ 328*)—REISSUE PATENTS—VALIDITY.

    Claim 23 of the Coldwell-Gildard reissue patent No. 11,923 for a warp stop motion for looms, *held* valid, and claim 25 invalid, as not for the same invention disclosed in the original patent No. 637,234. See 202 Fed. 744, 121 C. C. A. 110.

Appeal from the District Court of the United States for the District of Massachusetts; Arthur L. Brown, Judge.

Suit by the Coldwell-Gildard Company and others against the Stafford Company, for infringement of reissue patent No. 11,923 (original No. 637,234), granted to Coldwell-Gildard for a warp stop motion for looms. From a decree for complainants (205 Fed. 929), defendant appeals. Affirmed in part, and reversed in part.

Wilmarth H. Thurston, of Providence, R. I., and Benjamin Phillips, of Boston, Mass., for appellant.

William K. Richardson, of Boston, Mass. (J. L. Stackpole, of Boston, Mass., on the brief), for appellees.

Before PUTNAM, DODGE, and BINGHAM, Circuit Judges.

PUTNAM, Circuit Judge. The general circumstances of the case are sufficiently shown in our opinion passed down on January 30, 1913, 202 Fed. 744, 121 C. C. A. 110. The judgment there was as follows:

"The decree of the District Court is reversed, and the case is remanded to that court for proceedings in accordance with our opinion passed down the 30th day of January, 1913; and the appellant recovers its costs of appeal."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

On the proceedings after the mandate the District Court entered a new interlocutory decree in favor of the complainants on claims 23 and 25, and thereupon the respondent appealed again. The respondent made a full contest in the District Court, one subject of which was that the case was to be completely reopened, and that the parties were to have the right to take further evidence for the purpose of proving invalidity of the claims now in question with others, and of showing that they were not infringed. This proposition was refused by the District Court, in which that court was right, because there was nothing in the opinion of this court, or in the mandate, which provided for the reopening of the record. Two questions were qualifiedly reserved, it is true; one whether the claims in suit, other than claims 19 and 23, were properly brought in by reissue, and were anticipated or infringed, and the other whether claim 23 was anticipated or infringed, although our opinion was that its nature was of such a character that:

"It was almost beyond belief that anticipation could be found on this record."

The parties had full hearing before the entry of the original interlocutory decree. When the decree was entered the bill had been pending from February 9, 1910, to June 27, 1912, and there had been full opportunity for the proofs of both parties; and those proofs had been taken and fully heard, and there was no reason whatever for presuming that the record was not complete. Moreover, no suggestions were made to us that it was not complete; and, if there had been any doubt that the case would not follow the usual course which results from the hypothesis that the record in equity is complete, the words, "on this record," limited the authorized investigations by the District Court to the record as it then stood, all in accordance with the ordinary rule. It follows, of course, that there was the same implied limitation on the investigation of the question of infringement.

In our first opinion we pointed out that the patent was originally for a patented drop-bar, and particularly for a stop-motion combination, while one of the main elements of some of the reissue claims, 19 to the end, was broadly the avoiding of chafing, and that there was nothing in the original patent showing that the matter of chafing broadly was within its scope. At the present hearing, the respondent took up this matter in the following language:

"In the original patent there was no claim directed to the matter of non-chafing, and there was no attempt whatever to claim anything which had to do with the avoidance of chafing. In fact, there was not the slightest indication or suggestion that the patentees had made any invention which had to do in any way with the matter of non-chafing."

The respondent, however, previously observed that:

"The inventive thought, or idea, of the new claims of the reissue consists simply of a certain location or position of the drop-bars with relation to the warp-threads, and the other parts," "whereby chafing of the warp-threads by the drop-bars is supposed to be avoided or reduced."

Our first opinion was based on the supposition that this proposition was true in the main; and we did not find in claim 23 broadly the inventive idea of non-chafing. We did not particularly examine the other claims in the patent; and we left that examination to the District Court, and that court appears to be of the opinion that, in this respect, claim 25, and only 25, stands the same as claim 23.

On this stage of the case the exposition by the respondent is very full and acute, and contains many propositions. It is difficult to meet them all, standing separately from the main purpose of our first opinion. The respondent, however, constantly animadverts upon the proposition that the District Court has not found, or directly stated, that claim 25 is no broader than claim 23. It may be true that the District Court made no express statement to that effect, but the result of what the District Court decided was that it must have found as we directed in our first opinion, although it appears by implication rather than by express statement. There can be no doubt that the District Court so found.

The respondent, however, insists and reiterates that claim 25 should, like claim 19, be held to be an improper reissue; and it closes its arguments with reference to this point, that claim 25 is substantially broader than claim 23. Whether or not it *is* broader depends upon the point of view. The point of view from which we regarded this case related to bringing forward the non-chafing element broadly; and, whether or not a claim is broader than claim 23, has reference to that point of view.

With regard to infringement of claim 23, we refer again to the statement, made in our first opinion, that the parties agreed that claim 23 substantially represented in detail the method of the patentee. Also, the question of infringement seems to be covered by the following admission of the respondent, namely:

"If claim 23 is to be construed exactly as it reads, and is to be given the meaning and scope which appears upon its face, the defendants' arrangement apparently comes within said claim. It would seem, however, from several statements in the opinion, that this court considered that claim 23 was to be so construed, and was to be given such a limited scope, that the defendant's arrangement did not, or at least might not, infringe said claim."

We know of no reason why the claim should not be construed as it reads, nor do we remember anything which justifies any other impression that could be properly gathered from anything we have said.

It is true that the District Court was left free to re-examine claim 23, if it found sufficient cause, both on the question of infringement and on the question of anticipation. But, as the case has come back to us, nothing is presented upon either question concerning this claim which we have not already considered.

As to claim 25, we find ourselves unable to adopt the conclusion reached by the District Court. It does not seem to us satisfactorily shown that claim 25 is fairly capable only of a construction which would not make it "substantially broader" than claim 23, in the sense intended by our former opinion.

The result is that the decree appealed from is affirmed as to claim 23, but not as to claim 25.

The second interlocutory decree of the District Court is modified by affirming it only so far as it concerns claim 23, and reversing it so far as it concerns claim 25, and it is affirmed as modified; and neither party recovers any costs on this appeal.